UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY ROMANO,

    Plaintiff,

v.

STEPHEN LASKOWSKI, JANE DOE NURSE PRACTITIONER, and JANE DOE NURSE ADMINISTRATOR,

    Defendants.

**DECISION AND ORDER**

1:18-CV-00479 EAW

---

## **INTRODUCTION**

Plaintiff Anthony Romano ("Plaintiff"), currently an inmate at the Attica Correctional Facility ("Attica"), filed a *pro se* Complaint against Stephen Laskowski ("Laskowski"), Jane Doe Nurse Practitioner, and Jane Doe Nurse Administrator (collectively "Defendants") seeking relief under 42 U.S.C. § 1983 alleging a denial of medical care from March 28, 2018, to April 9, 2018. (Dkt. 1). Upon screening of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff failed to allege a serious medical condition in a non-conclusory manner, that he failed to allege substantial deprivation of treatment and the particular risks attributed to the missed treatment, and that the pleadings did not suggest a degree of deliberateness on the part of Defendants. (Dkt. 3 at 4-5). The Court granted Plaintiff leave to file an amended complaint to address these deficiencies (*id.* at 7-8), and Plaintiff filed his Amended Complaint on July 27, 2018, realleging the denial of medical care claim and alleging new

- 1 -

claims for violations of his First and Fourteenth Amendment rights. (Dkt. 4). For the reasons discussed below, the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## DISCUSSION

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must conduct an initial screening of Plaintiff's Amended Complaint. The Court must dismiss a complaint or any portion of a complaint that is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b); *see, e.g.*, 28 U.S.C. § 1915A(b) (requiring the court to dismiss any claim which "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief"). "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact." *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999).

In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations, and must draw all inferences in the plaintiff's favor. *See, e.g., Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004). To survive a Rule 8 notice inquiry, the complaint need "only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)). "So long as the [*in forma pauperis*] plaintiff raises a cognizable claim, dismissal on the basis of factual deficiencies in the complaint must wait until the defendant attacks the lack of such details on a Rule 12(b)(6) motion." *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). Because the Amended Complaint fails to state a claim upon which relief can be granted, it will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

**A. Plaintiff's Allegations**

Plaintiff's Amended Complaint alleges a denial of medical care at Attica by Defendants. (Dkt. 4). The Amended Complaint is comprised of conclusory allegations and, as such, Plaintiff fails to state an actionable Eighth Amendment violation. *See Barr v. Abrams*, 810 F.2d 358, 362 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." (citations omitted)).

Plaintiff specifically alleges that on March 28, 2018, Dr. Laskowski "denied me all medical care/treatment: no medical treatment tests—blood sugar, both calluses on 2 big toes, thyroid, MRI, X-rays on severe chronic rheumatism conditions, severe chronic

arthritis in joints, lower back, left shoulder, left side neck." (Dkt. 4 at 7). He further alleges Nurse Administrator Jane Doe "has done nothing for my medical needs" and has "den[ied] me all my medical care." (*Id.* at 8). He alleges "the chief medical officer in Albany [has] given strict, strict orders on denying me any and all medical treatment since my arrival at Attica." (*Id.*). Plaintiff also alleges that he has been denied physical therapy, treatment for calluses, as well as braces for his back, neck, and elbow. (*Id.*).

On July 6, 2018, Plaintiff contends that non-defendant Dr. William "den[ied] (me) my medical care on all the above." (*Id.* at 10). Plaintiff alleges that the failure to remove the calluses on his big toes has prevented him from "walk[ing] a proper way during programming at Attica." (*Id.*). Plaintiff demands $25,000,000.00 for violations of his First, Eighth, and Fourteenth Amendment rights. (*Id.* at 11-12).

**B.     Deliberate Indifference to Plaintiff's Medical Condition**

A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that the defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). "A serious medical condition exists where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (citation omitted). An isolated failure to provide medical treatment, without more, is generally not actionable unless the surrounding circumstances suggest a degree of deliberateness, rather

than inadvertence, in the failure to render meaningful treatment. *See Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987).

Here, it is questionable whether Plaintiff has adequately alleged deliberateness by Defendants. While Plaintiff alleges that "the chief medical officer in Albany [has] given strict, strict orders on denying me any and all medical treatment since my arrival at Attica" (Dkt. 4 at 8), which does potentially suggest a deliberate denial of medical treatment by the chief medical officer, Plaintiff has not named the chief medical officer as a defendant in the instant action. As far as *Defendants'* conduct is concerned, Plaintiff has merely stated a litany of medical treatments he desires and alleged that he was denied them. "Although plaintiff may subjectively believe that his care was not adequate or correct, that difference of opinion does not demonstrate indifference and does not give rise to an Eighth Amendment claim." *Ortiz-Rodriguez v. New York State Dep't of Corr. Servs.*, 491 F. Supp. 2d 342, 346 (W.D.N.Y. 2007).

Further, even assuming, *arguendo*, that the pleadings suggest a degree of deliberateness by Defendants, Plaintiff has failed to allege the existence of a serious medical condition in a non-conclusory manner, or a substantial deprivation of treatments withheld and particular risks attributed to the missed treatments. *See Smith v. Carpenter*, 316 F.3d 178, 185-89 (2d Cir. 2003); *Livingston v. Goord*, 225 F. Supp. 2d 321, 329 (W.D.N.Y. 2002), *vacated in part on other grounds by* 153 F. App'x 769 (2d Cir. 2005) (holding the "assertion of pain sensation alone, unaccompanied by any large medical complications, does not amount to a serious medical need under the Eighth Amendment." (internal quotation omitted)). Plaintiff's only specific allegation is that the calluses on his

toes prevented him from walking properly. However, "his medical conditions are not of such an urgent and substantially painful nature as would satisfy the objective prong of the deliberate indifference standard." *Swindell v. Supple*, 02Civ.3182RWS, 2005 WL 267725, at *7 (S.D.N.Y. Feb. 3, 2005) (rejecting claims for denial of medical treatment for calluses and dry skin). Plaintiff's Eighth Amendment medical claims are therefore dismissed with prejudice.

### C. First and Fourteenth Amendment Claims

Plaintiff has also raised claims under the First and Fourteenth Amendments. The Court finds no relevant factual allegation for a Fourteenth Amendment due process violation present in the Amended Complaint and accordingly dismisses the claim. The Court construes Plaintiff's First Amendment Claim as an allegation of retaliation given his claim that "the chief medical officer in Albany [has] given strict, strict orders on denying me any and all medical treatment since my arrival at Attica." (Dkt. 4 at 8).

Prison officials may not retaliate against prisoners for exercising their constitutional rights. *Colon v. Coughlin*, 58 F. 3d 865, 872 (2d Cir. 1995). To make out a § 1983 retaliation claim, a prisoner must show: (1) that he was engaged in constitutionally protected conduct; and (2) that the punishment inflicted by the prison official was motivated by the prisoner's protected conduct. *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). A finding of sufficient permissible reasons to justify state action is "readily drawn in the context of prison administration where we have been cautioned to recognize that prison officials have broad administrative and discretionary authority." *Lowrance v. Achtyl*, 20 F.3d 529, 535 (2d Cir. 1994) (quotation omitted). Moreover, courts recognize

that retaliation claims by prisoners are "prone to abuse since prisoners can claim retaliation for every decision they dislike." *Graham*, 89 F.3d at 79 (quotation omitted); *Colon*, 58 F.3d at 872 ("[B]ecause we recognize both the near inevitability of decisions and actions by prison officials to which prisoners will take exception and the ease with which claims of retaliation may be fabricated, we examine prisoner's claims of retaliation with skepticism and particular care."). Thus, "a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone [because i]n such a case, the prisoner has no factual basis for the claim." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Here, Plaintiff's allegation of a First Amendment violation is wholly conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff has identified no protected conduct for which Defendants are retaliating, and his allegation that denial of treatment was ordered by the chief medical officer in Albany is itself wholly conclusory. Plaintiff's First Amendment claim is accordingly dismissed with prejudice. *See Combier v. Portelos*, No. 17-CV-2239 (MKB), 2018 WL 3302182, at *13 (E.D.N.Y. July 5, 2018) (dismissing a *pro se* pleading is appropriate where plaintiff is "afforded the opportunity to amend [his] complaint to assert facts to support a federal claim" but instead adds "entirely new but facially deficient federal claims" (quotation and alteration omitted)).

## **ORDER**

IT HEREBY IS ORDERED, that the Amended Complaint is dismissed with prejudice for failure to state a claim on which relief may be granted;

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 29, 2018
       Rochester, New York