UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY ROMANO,

            Plaintiff,

v.

STEPHEN LASKOWSKI, *et al.*,

            Defendants.

1:18-CV-00479-JLS-MJR

REPORT AND RECOMMENDATION

---

## INTRODUCTION

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable John L. Sinatra, Jr., for all pre-trial matters, including hearing and reporting on dispositive motions. (Dkt. No. 24).

The District Court previously dismissed this action under Fed. R. Civ. P. 41(b). (Dkt. No. 55). Plaintiff Anthony Romano appealed that dismissal and the Second Circuit issued a summary order vacating the judgment of the District Court and remanding the case for further proceedings. (Dkt. No. 63). For the following reasons, the Court recommends that the case be dismissed with prejudice pursuant to Rule 41(b).

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff, Anthony Romano, is a *pro se* litigant currently confined at Groveland Correctional Facility. He filed this action under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs by prison officials occurring over several months in 2018. (Dkt. No. 1). The Court assumes the parties' familiarity with the background and procedural history of this case and reviews only the relevant information herein.

On October 20, 2021, defendants moved to dismiss the complaint under Fed. R. Civ. P. 41(b) and 37(b) on the grounds that plaintiff had failed to obey a court order and failed to prosecute the case. (Dkt. No. 48). By Report and Recommendation dated June 21, 2022, this Court recommended to the District Court that plaintiff's claims be dismissed without prejudice. (Dkt. No. 53). The District Court granted defendants' motion to dismiss by Decision and Order dated August 22, 2022. (Dkt. No. 55).

Plaintiff appealed the order of dismissal. On October 31, 2024, the United States Court of Appeals for Second Circuit vacated the judgment of the District Court and remanded the matter for further proceedings. (Dkt. No. 63). See Romano v. Laskowski, 22-1896, 2024 U.S. App. LEXIS 27654 (2d Cir. Oct. 31, 2024). The District Court referred the matter back to this Court to follow the Circuit Court's mandate to reconsider "(1) whether Romano's conduct constituted willfulness, bad faith, or reasonably serious fault... and (2) whether other sanctions may have been effective." (Dkt. No. 64 (citing Dkt. No. 63, pg. 10)).

At the request of this Court, the parties submitted briefing on the questions posed by the Second Circuit. (Dkt. Nos. 66; 69; 71). The Court has considered those submissions in making this report and recommendation.

## DISCUSSION

As was discussed in the prior Report and Recommendation, defendants noticed plaintiff of their intent to take his deposition on August 25, 2021. (See Dkt. No. 53). Defense counsel attempted to depose plaintiff on that date. (Id.). However, plaintiff terminated the deposition before answering any substantive questions. (Id.). On September 8, 2021, the Court issued a text order directing Plaintiff to appear for and

submit to deposition at a date and time chosen by defense counsel. (*Id.*). Plaintiff was warned that his "fail[ure] to appear for and fully participate in his deposition as noticed" might result in his being held in contempt of Court and this action being dismissed with prejudice. (*Id.*). Defendants again served a notice of deposition on plaintiff. (*Id.*). On September 15, 2021, the date of the rescheduled deposition, plaintiff again refused to be deposed and defense counsel was unable to ask substantive questions or obtain relevant information from plaintiff. (*Id.*). Based on plaintiff's refusal to comply with the Court order regarding deposition, the Court determined that the case should be involuntarily dismissed for want of prosecution pursuant to Rule 41(b). (*Id.*).

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *See* Fed. R. Civ. P. 41. Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). The Second Circuit has outlined several factors courts must consider before dismissing a lawsuit for failure to prosecute. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). These factors include: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less dramatic than dismissal." *Id.* at 535. No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485

(2d Cir. 1994). Before dismissing a case with prejudice, the court must make a finding of "willfulness, bad faith, or reasonably serious fault" by evaluating the relevant factors. *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014).[1]

Dismissal for lack of prosecution is a harsh remedy that should be utilized only in extreme situations. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). Although courts generally allow "special solicitude" to *pro se* litigants, "[d]ismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).[2]

In vacating the judgment of dismissal in this action, the Second Circuit determined that this Court erred in recommending dismissal without prejudice when the applicable statute of limitations would render plaintiff's claims time-barred. *See Romano*, 2024 U.S. App. LEXIS 27654, at *9-10. "Because the dismissal without prejudice here operated in effect as a dismissal with prejudice, the district court was required to make a finding of 'willfulness, bad faith, or reasonably serious fault.'" *Id.*, 10-11 (citing *Baptiste*, 768 F.3d at 217). However, such a finding was not made. *Id.* Accordingly, the matter was remanded for reconsideration, in the first instance, of whether plaintiff's conduct constituted willfulness, bad faith, or reasonably serious fault. *Id.*, at *12.

---

[1] The Federal Rules also provide that an action may be dismissed if a party fails to comply with a court's discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). "[D]ismissals under Rule 37(b) and Rule 41(b) are guided largely by the same analysis." *Viruet v. City of New York*, 16-CV-8327, 2020 U.S. Dist. LEXIS 78395, at *15 (S.D.N.Y. May 1, 2020) (citations omitted). In evaluating a dismissal under Rule 37, the Court should consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal*, 555 F.3d at 302. In this case, defendants sought dismissal of plaintiff's complaint pursuant to Rules 37(b) and 41(b).

[2] The Court incorporates by reference its analysis of these factors and evaluation of the Rule 41(b) criteria under the facts of this case as stated in the prior Report and Recommendation. (Dkt. No. 53).

Additionally, the Second Circuit found that this Court had not adequately considered whether sanctions "less drastic than dismissal" would be effective. *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). The Second Circuit reasoned that this Court's conclusion that it was "unlikely that lesser sanctions would be effective" may have been premised on the mistaken understanding that dismissal without prejudice was a less severe sanction than dismissal with prejudice in this case. *Id.* Accordingly, the Court was directed to reconsider whether other sanctions may have been effective. *See id.*, at * 12.

Upon review, the Court finds that plaintiff's refusal to comply with this Court's discovery directives and failure to prosecute this case was willful. In the context of dismissal with prejudice, the concept of "willfulness" implies a "deliberate disregard of the lawful orders of the court." *Rosado v. Toulen*, 18-CV-3697, 2021 U.S. Dist. LEXIS 97150, at *13 (E.D.N.Y. Apr. 26, 2021) (citing *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1067) (2d Cir. 1979)); *see also Elgard Corp. v. Brennan Constr. Co.*, 248 Fed. Appx. 220, 223 (2d Cir. 2007) (summary order) ("We have interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless.").

Plaintiff refused to be deposed by defendants on August 25, 2021 and September 15, 2021. On those dates, he repeatedly stated that he would not cooperate unless he was transferred to a new facility and/or provided with counsel. On September 8, 2021, prior to the second attempted deposition, this Court issued an order requiring plaintiff to submit to deposition and warning plaintiff that his failure to participate could result in him being held in contempt of Court or dismissal of this action. (Dkt. No. 44). Despite this directive, plaintiff refused to meaningfully participate in the deposition. In fact, by letter

dated September 9, 2021, plaintiff informed the Court that he would not participate in a deposition without an attorney representing him. (Dkt. No. 45). Plaintiff is a seasoned litigator who has initiated and litigated fourteen civil rights lawsuits in this District alone, including through discovery, motion practice, trial, and appeal, in some instances. *See Rosado*, 2021 U.S. Dist. LEXIS 97150, at *13 (stating that a court may consider the sophistication and circumstances of a plaintiff in evaluating whether his disregard of court orders was "willful."). It cannot be said that plaintiff was unaware of his discovery obligations or that he failed to appreciate the import of a Court order. To the contrary, plaintiff's attempt to condition his participation in a deposition upon the Court affording him counsel is evidence of the willfulness of his conduct. Thus, the Court determines that plaintiff's refusal to participate in the discovery process and his disregard of this Court's order constituted "willfulness, bad faith, or reasonably serious fault." *See Baptiste*, 768 F.3d at 217.

Furthermore, since this Court issued its Report and Recommendation, plaintiff has demonstrated a pattern of unwillingness to participate in depositions or appear for hearings and conferences in several other cases pending before in this District. In October 2024, the Honorable John L. Sinatra, Jr. dismissed two of this plaintiff's pending cases based on failure to prosecute. *See Romano v. Salotti*, 17-CV-465, 2024 U.S. Dist. LEXIS 181897 (W.D.N.Y. Oct. 4, 2024);[3] *Romano v. Ulrich. See* 13-CV-633, 2024 U.S. Dist. LEXIS 201880 (W.D.N.Y. Oct. 4, 2024).[4]

---

[3] In *Romano v. Salotti*, plaintiff alleged that while he was incarcerated at Five Points Correctional Facility defendant was deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. *See* 2024 U.S. Dist. LEXIS 181897, at *1.

[4] In *Romano v. Ulrich*, plaintiff alleged that he was subjected to cruel and unusual punishment by multiple corrections officers in violation of his Eighth Amendment rights. *See* 2024 U.S. Dist. LEXIS 201880, at *1.

In *Romano v. Ulrich*, the Court found that plaintiff "repeatedly failed to participate in the litigation of [the] case." *See* 2024 U.S. Dist. LEXIS 201880, at *2. Plaintiff neglected to file any trial submissions despite a scheduled trial date. *Id.* Plaintiff also refused to appear before the Court for a pre-trial status conference and, after being given an opportunity to appear at a second status conference, plaintiff refused to appear again. *Id.*, at *3-4. Based on plaintiff's apparent abandonment of his claims, the Court concluded that dismissal under Rule 41(b) was the only appropriate sanction. *Id.*, at *9-10.

The matter of *Romani v. Salotti*, was scheduled for pre-trial status conferences before Judge Sinatra on the same dates as *Romano v. Ulrich*. *See* 2024 U.S. Dist. LEXIS 181897, at *2-3. Based on plaintiff's repeated refusals to appear, the Court again concluded that plaintiff appeared to have abandoned his claims and determined that dismissal under Rule 41(b) was the only appropriate sanction. *Id.*, at *8.

Similarly, the Honorable Richard J. Arcara recently dismissed another of plaintiff's civil rights lawsuits. *See Romano v. Lisson*, 16-CV-81, 2024 U.S. Dist. LEXIS 224278 (W.D.N.Y. Dec. 1, 2024).[5] There, plaintiff was transported to the courthouse from the facility in which he was housed for a pre-trial evidentiary hearing before this Court. *Id.*, at *3-5. However, immediately before the hearing plaintiff stated he was experiencing medical issues and was unable to attend. *Id.* The hearing was rescheduled to accommodate plaintiff, but on the continuation date plaintiff refused transport from his correctional facility to the courthouse. *Id.* The hearing was held in plaintiff's absence. *Id.* When the matter was transferred to the District Judge to proceed to trial, plaintiff refused

---

[5] In *Romano v. Lisson*, plaintiff alleged that his constitutional rights were violated in several regards, including denial of access to mail and denial of due process rights, while he was incarcerated at Wende Correctional Facility. *See* 2024 U.S. Dist. LEXIS 224278, at * 1-2.

to appear for a status conference. *Id.*, at *7. A second court appearance was scheduled, and a text order was issued warning plaintiff that his failure to appear could result in dismissal of his case. *Id.*, at *7-9.[6] Plaintiff then advised the Court that he was "not going to any civil trial without an attorney at this time." *Id.*, at *9. A final status conference was scheduled the following month and plaintiff again refused to appear, citing medical problems. *Id.*, at *10. Based on the record before it, the District Court concluded that plaintiff had "exhibited a pattern of willful conduct and bad faith" weighing in favor of dismissal with prejudice under Rule 41(b). *Id.*, at *17.

Review of plaintiff's conduct in the case at bar and in the context of his other recent lawsuits plainly demonstrates that plaintiff's refusal to be deposed and to participate in the litigation of this action is willful. Indeed, plaintiff's claims were dismissed for failure to prosecute in yet another case in this District based on the same refusal to participate in the discovery process. *See Romano v. Brown*, 18-CV-302, 2023 U.S. Dist. LEXIS 234142 (W.D.N.Y. Nov. 28, 2023), *adopted by* 2024 U.S. Dist. LEXIS 14407 (Jan. 25, 2024). There, plaintiff repeatedly refused to be deposed, offering various excuses as to why he had not appeared for any of his scheduled depositions. *Id.*, at *2-7. The result in each of these cases is the same and plaintiff's pattern of willful and bad faith conduct is clear.

It is noted that plaintiff has requested appointment of *pro bono* counsel numerous times during the pendency of this matter. (Dkt. Nos.1; 19; 28; 33; 49; 54; 57; 66). The Court has denied plaintiff's requests for counsel for the reasons stated on the record.[7]

---

[6] The text order sent to plaintiff was returned as undeliverable with a notation stating: "INMATE REFUSES TO ACCEPT LEGAL MAIL." *See* 2024 U.S. Dist. LEXIS 224278, at *9.

[7] As plaintiff is aware, civil litigants are guaranteed meaningful access to the courts as required by the Constitution, but they do not have a constitutional right to appointed counsel. *See Fadia v. New Horizon Hospitality*, 08-CV-6268, 2010 U.S. Dist. LEXIS 35748, at *1-2 (W.D.N.Y. Apr. 8, 2010) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)). Certainly, the Court must consider the issue of

(Dkt. Nos. 3; 29; 35; 50; 55; 72). Nonetheless, plaintiff's obstructive and dilatory conduct is consistent even in matters where he has been afforded *pro bono* counsel. In fact, in most of the above-referenced cases, plaintiff was represented at some point by court-appointed counsel, but plaintiff either dismissed that counsel or counsel moved to withdraw from representation. *See Romano v. Lisson*, 2024 U.S. Dist. LEXIS 224278, at *6 (noting that plaintiff complained and made disparaging remarks to the Court about his *pro bono* counsel, resulting in a motion to withdraw which included the *pro bono* attorney's opinion that plaintiff "understands this matter and is capable of proceeding *pro se* for the remainder of the case."); *Romano v. Salotti*, 2024 U.S. Dist. LEXIS 181897, at *2 (explaining that further appointment of counsel was not appropriate after plaintiff became dissatisfied and dismissed two appointed attorneys); *Romano v. Ulrich*, 2024 U.S. Dist. LEXIS 201880, at *2-3 (explaining that further appointment of counsel was not appropriate because plaintiff was "perennially unable to work with attorneys," resulting in four separate *pro bono* attorneys moving to withdraw from representation of plaintiff). Thus, given plaintiff's conduct towards counsel in other cases, the Court finds any claim by plaintiff that he would fully participate in discovery and prosecute this case if given *pro bono* counsel to be disingenuous.

Lastly, the Court has also considered the application of less severe sanctions and concludes that no sanction less than dismissal with prejudice would be effective under these circumstances. As this Court previously observed, plaintiff has "plainly refused to submit to deposition and has failed to abide by a Court order directing his participation."

---

appointment carefully, for "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

(Dkt. No. 53, pgs. 7-8). Plaintiff has ignored repeated opportunities to comply with his discovery obligations, and it is unlikely that further admonishment from the Court will compel his meaningful participation in this litigation. Further, a monetary sanction would be inappropriate based on plaintiff's *in forma pauperis* status. *See Coon v. Southwestern Vt. Med. Ctr.*, 13-CV-182, 2014 U.S. Dist. LEXIS 140036, at *23 (D. Vt. 2014) ("Given [plaintiff's] *in forma pauperis* status, he would be unable to pay a monetary sanction.")

Indeed, there is no apparent way for this matter to proceed without plaintiff's participation. Under these circumstances, dismissal is appropriate. *See Davis v. Lowe's Home Ctrs.*, 23-CV-5613, 2024 U.S. Dist. LEXIS 64833, at *7 (S.D.N.Y. Apr. 8, 2024) (finding no sanction short of dismissal to be appropriate where plaintiff failed to appear at a conference and ignored an order to show cause). Moreover, plaintiff has been warned that his failure to heed the Court's order regarding deposition would result in dismissal, but that has not compelled him to comply. *See Brow v. City of N.Y.*, 391 Fed. Appx. 935, 937 (2d Cir. 2010) (summary order) ("[P]laintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective."); *Rsch. Found. for the State Univ. of N.Y. v. Telluric Labs*, LLC, 21-CV-1898, 2023 U.S. Dist. LEXIS 174459, at *20 (E.D.N.Y. Sept. 28, 2023) (citation omitted) ("When a plaintiff fails to respond to a Court order once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter."); *Lee v. Green*, 10-CV-221, 2015 U.S. Dist. LEXIS 131565, at *9-10 (W.D.N.Y. Sept. 28, 2015) (finding that any sanction short of dismissal to be ineffective where plaintiff "has repeatedly ignored directives by failing to appear in court, failing to file responses as directed, and failing to meet mediation and discovery obligations"); *see also Chira v. Lockheed Aircraft Corp.*,

634 F.2d 664, 667 (2d Cir. 1980) ("The language of Rule 41 makes [plaintiff's] failure to comply with [the court's] order a clear basis on which to affirm the dismissal.").

## CONCLUSION

For the foregoing reasons, the Court recommends that this case be dismissed with prejudice for failure to prosecute.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall*

*be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

SO ORDERED.

DATED: November 5, 2025
Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge