UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY ROMANO

    Plaintiff,

v.                                              18-CV-479 (JLS) (MJR)

STEPHEN LASKOWSKI, et al.,

    Defendants.
_____

## DECISION AND ORDER

Before the Court is Judge Roemer's [75] Report and Recommendation ("R&R") recommending that this Court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

Plaintiff Anthony Romano commenced this action pursuant to 42 U.S.C. § 1983. Dkt. 1. The case has been referred to United States Magistrate Judge Michael J. Roemer.[1] Defendants moved to dismiss. Dkt. 48. Plaintiff opposed the motion. Dkt. 51. Judge Roemer then issued a Report and Recommendation recommending that Defendants' motion be granted, and the case be dismissed without prejudice. Dkt. 53. In the absence of any objections, this Court accepted

---

[1] The case was originally assigned to Judge Wolford, who referred it to Judge Roemer "for all pretrial matters excluding dispositive motions." Dkt. 14. The case was reassigned to the undersigned. Dkt. 23. This Court then ordered that Judge Roemer "shall also hear and report upon dispositive motions for the consideration of the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C)." Dkt. 24.

and adopted Judge Roemer's Report and Recommendation and dismissed the case without prejudice. Dkt. 55. Plaintiff appealed. Dkt. 59.

On November 22, 2024, the Second Circuit issued a mandate vacating this Court's judgment and remanding the case for further proceedings. Dkt. 63. Specifically, the court "remand[ed] to the district court to reconsider in the first instance both (1) whether Romano's conduct constituted 'willfulness, bad faith, or reasonably serious fault,' . . . and (2) whether other sanctions may have been effective." *Id.* at 10. This Court then referred the case back to Judge Roemer in accordance with the [14] and [24] referral orders to follow the [63] mandate. Dkt. 64.

On November 6, 2025, Judge Roemer issued the [75] R&R. He concluded that "plaintiff's refusal to participate in the discovery process and his disregard of this Court's order constituted willfulness, bad faith, or reasonably serious fault." Dkt. 75 at 6 (internal citation and quotation marks omitted). As to sanctions, he concluded that "no sanction less than dismissal with prejudice would be effective under these circumstances." *Id.* at 9. He reasoned that "Plaintiff has ignored repeated opportunities to comply with his discovery obligations, and it is unlikely that further admonishment from the Court will compel his meaningful participation in this litigation," and that "a monetary sanction would be inappropriate based on plaintiff's *in forma pauperis* status." *Id.* at 10. As such, Judge Roemer recommended that this Court dismiss the action with prejudice pursuant to Rule 41(b). No party filed objections, and the time to do so has expired.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court has carefully reviewed the R&R and the relevant record. Based on that review, and absent any objections, the Court accepts and adopts Judge Roemer's recommendations, including all findings regarding "willfulness, bad faith, or reasonably serious fault"—as well as sanctions less than dismissal.

For the reasons above and in the R&R, this action is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Clerk of Court shall close the case.

SO ORDERED.

Dated:  December 4, 2025
        Buffalo, New York

                                                             JOHN L. SINATRA, JR.
                                                             UNITED STATES DISTRICT JUDGE